The judgment of the court was pronounced by
Slidell, J.
The appellant, Mrs. Chandler, a married woman, was the defendant in a rule. A judgment being rendered against her, a motion for a suspensive appeal was made in her behalf by her counsel. An appeal was ordered, and a bond was given by her, at foot of which bond is an authorization to execute it, signed by the husband. Subsequently, a rule was taken to set aside the suspensive appeal, upon the ground that the sureties given were insufficient and incompetent. The rule was made absolute. Afterwards, on motion of Mrs. Chandler’s counsel, (stating that she is authorized and assisted by her husband,) there was nn order for a devolutive appeal. A bond was given, signed by the surety, and not by the wife nor husband.
It would have been more formal if the husband had appeared upon the second motion, but as he had clearly authorized her to appeal by signing the first appeal bond, we cannot regard her as standing before this court without the authorization of her husband; and we therefore refused the dismissal prayed for on that *749 ground. The other grounds of dismissal we understand as being waived by , _r , , , „ , ° counsel, Vv e therefore proceed to the consideration ot the cause.
The action .commenced by a rule taken in the mortuaria of James McKinney, deceased, by a judgment creditor of said succession, upon Mrs. McKinney administratrix of said succession, to show cause why she should not inventory certain properties set forth in said rule, which it is alleged she has fraudulently concealed and withheld with a view to defraud creditors. That she claims the property as her own, although the same was placed in her name by her deceased husband, James McKinney, with a view to conceal it from and defraud his creditors. To this proceeding the defendant pleaded an exception, that she could not be thus attacked by a rule, and could only be sued in an ordinary action. This exception was overruled by the court; she was .compelled to join issue, and try the cause on the merits.
In our opinion, the court below erred. It is correctly argued by the counsel for the defendants, that the proceeding does not seek to render her accountable for property which came into her hands as administratrix, but is substantially a proceeding in the nature of a revocatory action. The rule itself, as well as the evidence, shows that the property was originally acquired in the defendant’s name. The object is to bring this property into the succession. The controversy involves the title to property, and questions of fraud and simulation. The brief filed by the plaintiff’s counsel exhibits the complicated nature of the subject to be investigated. Was there a marriage between McKinney and the defendant before they came to this State? If not, was there the uninterrupted cohabitation; the public acknowledgment as man and wife; the introduction into society, which usually characterize the marriage relation ? Was there fraud? &c. The defendant had a right to have such issues tried by a jury. That right should not havo been cut off by the resort to summary process, under the pretext that the proceeding was incident to the administratorship, in which light it cannot properly be viewed.
It is therefore decreed, that the judgment of the district court be reversed, and that the rule be dismissed as in case of non-suit; the appellee paying costs in both courts.